# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER E. BERRY, | Case No. 1:15-cv-01134-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION |
| v. | (Docs. 13 and 14) |
| HARRINGTON, et al., | |
| Defendants. | |

## I. Background

Plaintiff Spencer E. Berry ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2015. On October 15, 2015, Plaintiff filed a motion seeking a preliminary injunction and on November 16, 2015, Plaintiff filed a motion requesting a ruling and asserting his continued need for relief. For the reasons that follow, Plaintiff's motions are denied.

## II. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20

(citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### III.     Discussion

#### A.     Plaintiff's Allegations

This action arises from events which occurred at California Correctional Institution ("CCI") in Tehachapi in 2014 and early 2015. The crux of Plaintiff's claims is that Dr. Harold Tate, his primary care physician at CCI, violated his rights under the Eighth Amendment by failing to provide appropriate medical care for Plaintiff's chronic pain issue. Plaintiff disagreed with the course of treatment prescribed by Dr. Tate and he contends that when he complained, Dr. Tate retaliated against him by ordering his medication be crushed and floated. In addition, Dr. Tate allegedly terminated a meeting with Plaintiff.

Plaintiff is now incarcerated at California State Prison-Corcoran ("CSP-Corcoran") and the preliminary injunction he seeks relates to his current medical treatment at that prison. Plaintiff had a Telemed appointment for an upper back issue on October 2, 2015, and he contends that a medical technical assistant interfered with the outside physician's chosen course of treatment by rejecting the first three medications the physician wanted to prescribe, apparently on the basis that they were not on the prison's formulary list. However, the medication ultimately prescribed, amitriptyline, is also non-formulary and Plaintiff was informed that it would have to be approved by upper management. Plaintiff contends that he is in significant pain and prison officials are interfering with his outside provider's recommended treatment by failing to provide him with the medication that was prescribed on October 2, 2015.

### B. No Standing to Seek Order Regarding Current Medical Care

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994), and as a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief, *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009) (citation omitted); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation omitted); *Mayfield*, 599 F.3d at 969.

The pendency of this action, which arises from the medical care Plaintiff received at CCI, does not provide Plaintiff with standing to seek orders remedying his current conditions of confinement at CSP-Corcoran. Assuming Plaintiff's complaint sets forth cognizable claims for relief, the Court's jurisdiction is limited to adjudicating Plaintiff's legal claim arising from the alleged deprivation of constitutionally adequate medical care at CCI by Dr. Tate, and related claims.[1] The Court lacks the jurisdiction to issue any orders regarding Plaintiff's current medical treatment of CSP-Corcoran. 18 U.S.C. § 3626(a)(1)(A); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992); *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

### IV. Order

For the reasons set forth above, the Court lacks jurisdiction to issue the preliminary injunction sought by Plaintiff's and his motions filed on October 25, 2015, and November 16, 2015, are HEREBY DENIED.

IT IS SO ORDERED.

Dated: **November 17, 2015**      /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE

---

[1] This district has one of the heaviest caseloads in the country, and Plaintiff's complaint will be screened for cognizability in due course. 28 U.S.C. § 1915A.