# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER E. BERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRINGTON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-01134-LJO-SKO (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 16) |

**I.    Procedural Background**

Plaintiff Spencer E. Berry ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2015. On October 15, 2015, Plaintiff filed a motion seeking a preliminary injunction and on November 16, 2015, Plaintiff filed a motion requesting a ruling and asserting his continued need for relief. Plaintiff's motions were denied on November 17, 2015, and on November 30, 2015, Plaintiff filed a motion for reconsideration.

**II.   Legal Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's

decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *United States. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## III.    Discussion and Order

Plaintiff argues that, notwithstanding the fact his claims arise from past medical care at California Correctional Institution ("CCI"), the Court erred in denying his motions for lack of jurisdiction because he names J. Clark Kelso as a defendant in this case and based on Kelso's position as the federal receiver overseeing prison medical care, Kelso is able to address his current need for medical care at California State Prison-Corcoran ("CSP-Corcoran"). Plaintiff misapprehends his standing to seek preliminary injunctive relief and the Court's jurisdictional limitations. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

To the extent Plaintiff has pled a cognizable Eighth Amendment claim against Defendant Kelso in this case, it will necessarily be based on the existence of a causal connection between Kelso's actions or omissions and the violation of Plaintiff's right to medical care at CCI in 2014 and early 2015. *Lemire v. California Dep't of Corrs. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). Plaintiff is now incarcerated at CSP-Corcoran and the fact that he named the federal receiver as a defendant in this action does not give him a broad basis to seek an order directed at remedying his current conditions of confinement at CSP-Corcoran. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010); *see also* 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to

correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.").

The Court lacks jurisdiction to issue the order sought by Plaintiff, it did not err in so ruling, and accordingly, Plaintiff's motion for reconsideration is HEREBY ORDERED DENIED, with prejudice.

IT IS SO ORDERED.

Dated: **December 2, 2015**         /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE