UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SPENCER E. BERRY, | 1:15-cv-01134-LJO-EPG-PC |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FILED ON JANUARY 13, 2016 AS MOOT |
| vs. | (ECF No. 21.) |
| HARRINGTON, et al., | ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |
| Defendants. | (ECF No. 22.) |
| | THIRTY-DAY DEADLINE |

**I.    BACKGROUND**

Plaintiff, Spencer E. Berry ("Plaintiff"), is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 13, 2015.  (ECF No. 1.)  The Complaint awaits the Court's requisite screening under 28 U.S.C. § 1915A.

On December 16, 2015, Plaintiff submitted a proposed supplemental complaint which was lodged by the Court.  (ECF No. 18.)  On January 5, 2016, the Court issued an order addressing the lodged supplemental complaint, advising Plaintiff that he is not permitted to file a supplemental complaint without leave of Court, and he neglected to file a motion requesting leave to supplement his complaint and stating the grounds for supplementation.  (ECF No. 19.)  Plaintiff was advised that his supplemental complaint will remain lodged with no further action taken unless he files a motion seeking leave to supplement the complaint that identifies the grounds supporting the motion.  (Id.)

On January 13, 2016 Plaintiff filed a motion requesting leave to file the supplemental complaint lodged on December 16, 2015. (ECF No. 21.) On March 4, 2016, Plaintiff filed a motion to file a new supplemental complaint. (ECF No. 22.) Plaintiff's motions are now before the Court.

## II. LEGAL STANDARDS

### A. Supplemental Complaints – Rule 15(d)

Under Rule 15(d) of the Federal Rules of Civil Procedure, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with leave of Court. Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

### B. Leave to Amend – Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

## III. PLAINTIFF'S MOTIONS

### A. Motion filed on January 13, 2016 (ECF No. 21.)

In Plaintiff's motion filed on January 13, 2016, Plaintiff requests leave to file the supplemental complaint lodged on December 16, 2015 (ECF No. 18). Plaintiff seeks to add allegations to the complaint of events occurring after the original Complaint was filed on July

13, 2015. Plaintiff's original Complaint arose from events which occurred at the California Correctional Institution (CCI) in Tehachapi in 2014 and early 2015. The crux of Plaintiff's claims is that Dr. Harold Tate, his primary care physician at CCI, violated his rights under the Eighth Amendment by failing to provide appropriate medical care for Plaintiff's chronic pain issue. Plaintiff disagreed with the course of treatment prescribed by Dr. Tate and he contends that when he complained, Dr. Tate retaliated against him by ordering his medication be crushed and floated. In addition, Dr. Tate allegedly terminated a meeting with Plaintiff.

Plaintiff is now incarcerated at Corcoran State Prison (CSP) and alleges that he is being denied adequate medical care at CSP by several medical officials named in the supplemental complaint.

**B.    Motion filed on March 4, 2016 (ECF No. 22.)**

In Plaintiff's motion filed on March 4, 2016, he advises the Court that he has received new information since he filed the January 13, 2016 motion. Plaintiff has now identified his Doe Defendant in the supplemental complaint as Anthony Enenmoh, Chief Medical Executive at CSP. Plaintiff also requests leave to add another CSP medical official to the supplemental complaint, Y. Mansour, for denying him adequate medical care at CSP, based on Y. Mansour's decisions against Plaintiff on February 22, 2016 during the prison appeals process. Plaintiff claims that these defendants' actions violated state tort law and the Eighth Amendment. Plaintiff now seeks to file a new supplemental complaint incorporating his allegations against defendants Enenmoh and Mansour.

**IV.    Discussion**

The Court shall deny Plaintiff's motion filed on January 13, 2016 as moot, on the basis of Plaintiff's subsequent motion which adds new information and changes Plaintiff's request.

The Court finds good cause to grant Plaintiff's request in his motion filed on March 4, 2016, to add allegations and claims to the complaint arising from events occurring at CSP after the original Complaint was filed on July 13, 2015. However, instead of filing a supplemental complaint, Plaintiff shall be granted leave to file a First Amended Complaint within thirty days.
///

Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. However, as discussed above, Plaintiff requires leave of Court to add allegations and claims arising from events occurring after the original Complaint was filed. The Court shall grant Plaintiff leave to add after-occurring events in the First Amended Complaint.

Plaintiff is advised that the First Amended Complaint will supercede the original Complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the claims and defendants in the prior complaint are no longer at issue. Therefore, in the First Amended Complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint must incorporate all of the defendants and claims with which Plaintiff wishes to proceed, including those from the original Complaint and those arising at CSP which Plaintiff wishes to add. If Plaintiff files a First Amended Complaint, the Court will screen that complaint. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed on January 13, 2016 is DENIED as moot;

///

2. Plaintiff is GRANTED leave, pursuant to his motion filed on March 4, 2016, to add allegations to the complaint of events occurring after the original Complaint was filed;

3. The Clerk of the Court shall send one civil rights complaint form to Plaintiff;

4. Within thirty days of the date of service of this order, Plaintiff shall file a First Amended Complaint using the Court's form, incorporating all of the defendants and claims with which he wishes to proceed;

5. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:15-cv-01134-LJO-EPG-PC, and be an original signed under penalty of perjury; and

6. Plaintiff is warned that the failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 21, 2016**         /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE