UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER E. BERRY,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. LEWIS, et al.,<br><br>          Defendants. | 1:15-cv-01134-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 26, 27)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff, Spencer E. Berry ("Plaintiff"), is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 13, 2015. (ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") on May 23, 2016. (ECF No. 26.)

The Court screened the FAC pursuant to its authority in 28 U.S.C. § 1915A on November 7, 2016. (ECF No. 27.) The screening order found that the FAC failed to state a claim upon which relief could be granted. (*Id*.) Plaintiff was specifically directed to take action within 30 days from the screening order to either: 1) file a Second Amended Complaint; or 2) "[n]otify the Court in writing that he does not agree to file a Second Amended Complaint, in which case this Court will issue findings and recommendations to the district judge consistent with this order." (*Id*. at 11.)

Plaintiff failed to file a Second Amended Complaint or notify the Court of his election to stand on the FAC within the 30 day period.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  While it has only been approximately sixty days since Plaintiff was ordered to file a Second Amended Complaint, the case has been pending since July of 2015, and there is no operative complaint in this case.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to file an amended complaint that is causing delay.  The case is over a year old and there is no operative complaint.  The case is now stalled. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  While dismissal is a harsh sanction, Plaintiff's complaint has already been dismissed (with leave to amend) for failure to state a claim and there is no operative complaint.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id.* at 643.

Accordingly, the Court will recommend dismissal of this case for failure to state a claim upon which relief can be granted[1] and for failure to comply with a Court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 11, 2017**              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court hereby incorporates by reference its 28 U.S.C. § 1915A screening analysis concerning the FAC in the order dated November 7, 2016. (ECF No. 27.)